UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

RAIDEL ARANA LABRADA,

Petitioner,

v. Case No.: 2:26-cv-02448-SPC-NPM

GARRETT RIPA *et al.*,

Respondents.
_________________________________/

**OPINION AND ORDER**

Before the Court are Raidel Arana Labrada's Petition for Writ of Habeas Corpus (Doc. 1), the government's response (Doc. 5), and Arana Labrada's reply (Doc. 6).

Arana Labrada is a native and citizen of Cuba who entered the United States at a port of entry on August 18, 2024. The Department of Homeland Security (DHS) inspected him, commenced removal proceedings by issuing a notice to appear (NTA), and released him into the country pending the results of his immigration case. An immigration judge dismissed the removal proceeding on November 18, 2024. DHS did not oppose the dismissal.

On February 8, 2026, local police arrested Arana Labrada during a traffic stop and handed him over to Immigration and Customs Enforcement (ICE). ICE commenced a new removal proceeding on February 12, 2026. The second NTA charged Arana Labrada as an alien present in the United States

who was not admitted or paroled and does not have a valid entry document. On August 17, 2026, Immigration Judge Stuart Siegel dismissed the second removal case after finding no evidence that Arana Labrada "has any criminal, criminal traffic or National Security concerns." (Doc. 5-1 at 11). Judge Seigel also found that U.S. Citizenship and Immigration Services had exclusive jurisdiction over Arana Labrada's application for adjustment of status. DHS did not oppose this second dismissal.

ICE re-detained Arana Labrada immediately after dismissal of his second removal case and issued a third NTA on August 25, 2026. The third NTA charges Arana Labrada as an arriving alien who lacks a valid entry document. Arana Labrada argues his continued detention violates the Fifth Amendment and the Immigration and Nationality Act. In response, the government certifies it is detaining Arana Labrada under the mandatory detention provision of 8 U.S.C. § 1225(b)(2)(A), because ICE classifies him as an arriving alien.

As the government acknowledges, its position is inconsistent with *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258 (11th Cir. 2026). Arana Labrada is not subject to mandatory detention. "§ 1225 applies to arriving aliens seeking entry at the border, whereas § 1226 applies to aliens unlawfully in the interior." *Hernandez Alvarez*, 175 F.4th at 1276. But Arana

Labrada's detention is not lawful under § 1226 either because the government refuses to afford Arana Labrada due process.

The Fifth Amendment guarantees that "[n]o person shall be…deprived of life, liberty, or property, without due process of law[.]" U.S. Const. amend. V. The clause "applies to all 'persons' within the United States, including aliens, whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001). It is thus "well established that the Fifth Amendment entitles aliens to due process of law in deportation proceedings." *Reno v. Flores*, 507 U.S. 292, 306 (1993). The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976).

The Supreme Court has long recognized that "due process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1976). Courts looks to three factors when considering what process is due in a given situation: (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" and (3) "the Government's interest, including the function involved and the fiscal and

administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

All three factors weigh heavily in Arana Labrada's favor. First, his interest in freedom from detention "lies at the heart of the liberty" the Due Process Clause protects. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Second, the risk of erroneous deprivation of that interest is substantial here. Immigration detention is civil in nature, and civil detention violates the Fifth Amendment unless "a special justification…outweighs the individual's constitutionally protected interest in avoiding physical restraint." *Zadvydas*, 533 U.S. at 690 (internal quotation marks and citation omitted). Three immigration officials have considered Arana Labrada's circumstances and made decisions in his favor—the officer who inspected him at a port of entry released him pending a decision in his immigration case, and two immigration judges have dismissed removal proceedings. The government now takes the position that Arana Labrada is an arriving alien subject to mandatory detention. But without some consideration of the facts and relevant factors, there is nothing to ensure immigration detention serves its statutory purposes and is used in accordance with the Constitution and the laws enacted by Congress.

Third, the government has not established any legitimate interest in Arana Labrada's continued detention. Immigration detention has two

statutory goals: to ensure the noncitizen's appearance at future immigration proceedings and to prevent danger to the community. *Zadvydas*, 533 U.S. at 690. Arana Labrada's detention serves neither purpose. He has actively engaged with the federal government by applying for entry at a port of entry, applying for adjustment of status, and participating in his immigration proceedings. What is more, Judge Seigel recently found no criminal or national security concerns.

For these reasons, the Court finds that ICE has violated Arana Labrada's rights by detaining him without due process.

Accordingly, it is hereby **ORDERED**:

Raidel Arana Labrada's Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED.**

(1) The respondents shall release Arana Labrada within 24 hours of this Order and facilitate his transportation from the detention facility by notifying his counsel when and where he can be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on September 9, 2026.

Sheri Polster Chappell
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record